# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

| | | |
|---|---|---|
| PATRIC POPE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No.: 3:17-CV-119-CLC-DCP |
| v. | ) | |
| | ) | |
| SHAWN PHILLIPS, Warden; C.E.R.T. | ) | |
| TEAM, Morgan Cty. Corr. Complex; | ) | |
| JOHN DOE 1, Green Team Employee; | ) | |
| JOHN DOE 2, Green Team Employee; | ) | |
| JOHN DOE 3, Green Team Employee; | ) | |
| JOHN DOE 4, Green Team Employee; | ) | |
| JANE DOE 1, Nurse; and JANE DOE 2, | ) | |
| Nurse, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This is a pro se prisoner's civil rights action filed under 42 U.S.C. § 1983. Now before the Court is Plaintiff's most recent amended complaint [Doc. 30], which the Court must screen pursuant to pursuant to the Prison Litigation Reform Act ("PLRA"). For the reasons set forth below, this action will be **DISMISSED** as this amended complaint fails to state a claim upon which relief may be granted under § 1983.

## I.    SCREENING STANDARD

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard that the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant

statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim, however. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that a person acting under color of state law deprived him of a federal right. *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

## II. ALLEGATIONS OF THE AMENDED COMPLAINT[1]

In his most recent amended complaint, Plaintiff alleges that on October 6, 2016, he was escorted to intake for "HSHU Pending Investigation" by two "CERT Team members (Green

---

[1] Plaintiff did not include all claims and/or Defendants in his most recent complaint [Doc. 30] that he had included in his previous amended complaint [Doc. 21]. Specifically, in his previous amended complaint, Plaintiff had alleged that Jeff Shannon, Nathan Day, Ricky Bunch, and Justin Spurling were liable for the excessive force used against him because each of them "conspired in bad faith" with the Green Team CERT members with regard to false disciplinary charges against Plaintiff [Doc. 21 p. 7–8]. As Plaintiff did not include these claims or Defendants in his most recent amended complaint [Doc. 30], however, it is apparent that Plaintiff no longer wishes to pursue them. E.D. Tenn. LR. 15.1.

Team)" for a strip search [Doc. 30 p. 3]. At intake, Plaintiff was taking his ponytail down as instructed when one of the John Doe "CERT Team [] (Green Team)" members struck him in the face, at which point several other John Doe members of the "CERT team (Green Team)" used excessive force against him [*Id.* at 3–4].

Plaintiff also alleges that when he was being provided medical treatment after this incident, a Jane Doe Nurse held him down and placed a catheter in his penis before he was taken to a hospital and that when he later gave a Jane Doe Nurse a request for a copy of his medical records, she showed it to a corporal and then threw it away [*Id.* at 4].

### III. ANALYSIS

First, as to Defendant Warden Phillips, Plaintiff does not set forth any facts from which the Court can plausibly infer that this Defendant "directly participated, encouraged, authorized[,] or acquiesced" in any acts alleged in the complaint such that he could be liable for those acts. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) (holding that "[§] 1983 will not support a claim based on a *respondeat superior* theory of liability"). As such, Plaintiff's most recent complaint fails to state a claim as to Defendant Warden Phillips.

Plaintiff has also named the "CERT Team" at Morgan County Correctional Complex as a Defendant in this action [Doc. 30 p. 1]. Like jail medical departments, however, emergency response teams in the prisons of the Tennessee Department of Correction ("TDOC") have no corporate or political existence "and may be seen as nothing more than an arm of the TDOC." *Hix v. Tenn. Dep't of Corr.*, 196 F. App'x 350, 355 (6th Cir. 2006) (holding that "medical departments are not 'persons' under § 1983"). As such, the "CERT Team" is not an entity subject to suit under § 1983. *Id.*

Next, as to the remaining Jane and John Doe Defendants, district courts apply state statutes of limitations to § 1983 claims. *Harris v. United States*, 422 F.3d 322, 331 (6th Cir. 2005). In Tennessee, a one-year statute of limitations applies to § 1983 actions. *Zundel v. Holder*, 687 F.3d 271, 281 (6th Cir. 2012); Tenn. Code Ann. § 28-3-104(a)(3). Further, where a plaintiff does not name the defendants he seeks to hold liable under § 1983 in his complaint within the applicable statute of limitations, his claims against those defendants are subject to dismissal as time-barred, as Rule 15 will not allow the plaintiff to amend his complaint to name those individuals after the statute of limitations has run. *See Cross v. City of Detroit*, No. 06-11825, 2008 WL 2858407, at *1 (E.D. Mich. July 23, 2008) (dismissing sua sponte and with prejudice the plaintiff's civil rights violation claim against a police officer the plaintiff had named as John Doe because the plaintiff "did not seek leave to amend the Complaint to name the John Doe defendant prior to the expiration of the statute of limitations"); *Smith v. City of Akron*, 476 F. App'x 67, 69 (6th Cir. 2012) (holding that Rule 15(c) of the Federal Rules of Civil Procedure offers no remedy when, like here, plaintiff "simply did not know whom to sue or opted not to find out within the limitations period").

More than three years have passed since the dates on which Plaintiff alleges that the Jane and John Doe Defendants violated his constitutional rights, and Plaintiff has not amended his complaint to name those Defendants. Thus, Plaintiff's claims against the Jane and John Doe Defendants arising out of the events set forth in the complaint are barred by the statute of limitations.

## IV.    CONCLUSION

For the reasons set forth above, even liberally construing Plaintiff's most recent amended complaint in his favor, it fails to state a claim upon which relief may be granted under § 1983 as

to any Defendant.  As such, this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A).

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous.  *See* Fed. R. App. P. 24

**AN APPROPRIATE ORDER WILL ENTER.**

/s/_____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**