# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| MARTIN DALE ESTEP, | ) |
| Plaintiff, | ) ) ) |
| v. | No.: 3:18-CV-258-CLC-DCP ) ) |
| CLAIBORNE COUNTY SHERIFF'S DEPARTMENT, BRENT CLARK, TAZEWELL POLICE DEPARTMENT, JAKE WILLIAMS, and EDDIE HURLEY, | ) ) ) ) ) |
| Defendants. | ) |

## **MEMORANDUM OPINION**

This is a pro se prisoner's complaint under 42 U.S.C. § 1983. On February 11, 2019, the Court entered an order providing that Plaintiff would have fifteen days from the date of entry of the order to file an amended complaint [Doc. 7]. The Court also warned Plaintiff that if he failed to timely comply with that order, the Court would dismiss this case for failure to prosecute and failure to follow the orders of the Court [*Id.* at 2]. More than eighteen days[1] have passed and Plaintiff has not complied with this order.

Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g.*, *Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). The Court considers four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the

---

[1] Service of the Court's previous order was made by mail pursuant to Rule 5(b)(2)(C) of the Federal Rules of Civil Procedure. Accordingly, Plaintiff had an additional three days to comply with the order. Fed. R. Civ. P. 6(d).

dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that Plaintiff's failure to respond to or comply with the Court's previous order is due to Plaintiff's willfulness and/or fault. Specifically, Plaintiff's failure to respond to the Court's order may be willful (if he received the order and declined to respond), or it may be negligent (if he did not receive the order because he failed to update his address and/or monitor this action as required by Local Rule 83.13). Either way, the first factor weighs in favor of dismissal.

As to the second factor, the Court finds that Plaintiff's failure to comply with the Court's order has not prejudiced Defendants.

As to the third factor, the record reflects that the Court warned Plaintiff that the Court would dismiss this case if he failed to comply with the Court's order [Doc. 7].

Finally, as to the fourth factor, the Court finds that alternative sanctions would not be effective. Plaintiff was a prisoner when he filed the complaint [Doc. 1], was granted leave to proceed *in forma pauperis* in this case [Doc. 5], and has not pursued this case since filing his inmate trust account statement more than seven months ago [Doc. 4].

For the reasons set forth above, the Court concludes that the relevant factors weigh in favor of dismissal of Plaintiff's action pursuant to Rule 41(b). Accordingly, this action will be **DISMISSED** for want of prosecution and failure to comply with the Court's order pursuant to Rule 41(b).

The Court **CERTIFIES** that any appeal from this order would not be taken in good faith.

**AN APPROPRIATE ORDER WILL ENTER.**

                                          **/s/**_____
                                          **CURTIS L. COLLIER**
                                          **UNITED STATES DISTRICT JUDGE**